|  |  |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | 20MC174<br>District Judge Colleen McMahon |
| IN RE: CORONAVIRUS/COVID-19 PANDEMIC | M10-468 |
| THIS MATTER RELATES TO: Signatures and the Form of Consents and Waivers in Criminal Cases | STANDING ORDER |

On March 13, 2020, the President of the United States declared that the Coronavirus Disease 2019 ("COVID-19") outbreak constitutes a national emergency under the National Emergencies Act, 50 U.S.C. §§ 1601 *et seq.*

On that same date, the United States District Court for the Southern District of New York issued a Standing Order concerning restrictions on entry to the courthouse. In that Order, the Court noted that the Centers for Disease Control had advised people to take precautions in light of the COVID-19 outbreak and that the best way to prevent illness is to avoid being exposed to the virus. On March 16, 2020, the Court issued a Revised Standing Order further restricting access to the United States courthouses in Manhattan, White Plains, and Poughkeepsie to certain categories of people.

Moreover, on March 20, 2020, Governor Andrew Cuomo issued an executive order, effective March 22, 2020, that, among other things, requires nonessential workers to stay home, bans nonessential gatherings of any size, requires people in public to remain six feet away from others, and encourages individuals to limit use of public transportation to when absolutely necessary.

As of today's date, there have been over 30,000 confirmed cases of COVID-19 in New York City alone, and estimates suggest that the number of cases may be many times greater. The current public health crisis has caused, is causing, and is expected to continue to cause extraordinary disruption throughout this District, including, but not limited to the temporary

closure of offices; the imposition of travel restrictions and discouragement of the use of mass transportation; the dislocation of many residents; and disruptions and delays in the use of the mails. Cases of COVID have been diagnosed among members of the staff of this Court and/or members of their immediate families, which has required the closure of certain operations and made it impossible for members of the court staff to appear for work. Moreover, diagnosed cases of COVID-19 in the population of the Metropolitan Correction Center and the Metropolitan Detention Center have caused, and are likely to cause, restrictions on the movement of defendants to and from court. These and other considerations are leading judges in this District to conduct proceedings remotely, by videoconference or other means, with defense counsel and defendants sometimes in separate locations. Effective Monday, March 30, 2020, courthouse operations are being further curtailed to reflect increasing levels of risk and the loss of staff.

Some Federal Rules of Criminal Procedure, such as Rules 10(b)(2), 15(c)(1)(A), 20(a)(1), 23(a)(1), 32(e), 43(b)(2), allow for consent or waiver of certain rights by a defendant, but require that such consent or waiver be in writing. More broadly, various documents, including but not limited to financial affidavits and appearance bonds/orders for release, call for the signatures of defendants, counsel, and/or judges. The current circumstances are likely to make it impracticable, if not impossible, to obtain actual signatures in a timely and safe manner.

For these reasons, IT IS ORDERED THAT, where a judge finds that obtaining an actual signature is impracticable or imprudent in light of the public health situation relating to COVID-19, any document may be signed electronically.

IT IS FURTHER ORDERED that, where a defendant's signature is called for, either defense counsel or the presiding judge may sign on the defendant's behalf if the defendant, after an opportunity to consult with counsel, consents.

IT IS FURTHER ORDERED THAT, for the avoidance of doubt, where consent or waiver is not explicitly required to be in writing by the Federal Rules of Criminal Procedure or other applicable law, such consent or waiver may be obtained in whatever form is most practicable under the circumstances, so long as the defendant's consent or waiver is clearly reflected in the record.

SO ORDERED.

Dated:  March 27, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge